WILLIE SCHAPER V. THE STATE.

No. 99. Decided November 3, 1909.

**1.—Carrying Pistol—Charge of Court—Alibi.**

Where, upon trial for unlawfully carrying a pistol, defendant's testimony raised the issue of an alibi, and the defendant requested a special charge thereon, which was refused by the court, to which defendant duly excepted both in the motion for new trial and in an approved bill of exceptions, and the court failed to charge on this phase of the case, there was reversible error. Following Jones v. State, 53 Texas Crim. Rep., 131.

**2.—Same—Continuance—Materiality of Testimony—Diligence.**

Where, upon trial for unlawfully carrying a pistol, defendant's application for continuance showed the materiality of the absent testimony, the court should have granted a new trial in view of his refusal to charge on alibi and the circumstances of the case, although the diligence was not sufficient.

Appeal from the County Court of Guadalupe. Tried below before the Hon. H. M. Wurzbach.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*P. E. Campbell,* for appellant.—Upon question of continuance: Pruitt v. State, 30 Texas Crim. App., 156; Browning v. State, 26 Texas Crim. App., 443; Hammond v. State, 28 Texas Crim. App., 413; Jackson v. State, 23 Texas Crim. App., 183; Covey v. State, 23 Texas Crim. App., 388.

On question of alibi: Polanka v. State, 33 Texas Crim. Rep., 634; Wilson v. State, 41 Texas Crim. Rep., 115, 51 S. W. Rep., 917; Tijerina v. State, 45 Texas Crim. App., 182, 74 S. W. Rep., 913.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted for unlawfully carrying a pistol. The evidence discloses there was a social function at a little village in Guadalupe County known as New Berlin. Quite a crowd assembled, among whom was appellant. He was a stranger and went from the town of Lavernia in Wilson County to attend the social gathering. During the evening there occurred a personal difficulty in the room in which there was dancing. Appellant was not engaged in this difficulty. The owner of the premises and one of his sons ejected one of the parties to the difficulty from the house, chasing him out into the yard some distance. The State's testimony shows that about the time the chasing party overtook the man they were pursuing, appellant and Harry Peck exhibited their pistols and forced them to cease their pursuit. There were two or three witnesses who testified to seeing appellant and Peck exhibit their pistols. When the party returned into the house appellant was accused of being one of the men who exhibited the pistols. This he denied. This was in the dancing room, and he requested them to examine him, stating that he had no pistol. They declined to examine him. Appellant testified that there was a difficulty in the house; that the parties were strangers to him and that he took no part in it. He further testified that he did not leave the dancing room during the difficulty and was not in the yard or out of the house. He also testified that he did not have a pistol, and corroborates the State's witnesses to the effect that after the difficulty and after their return to the dancing room, upon being accused of having exhibited

a pistol, he denied it and offered to be examined and requested that they make an examination of his person and satisfy themselves that he was not armed and he corroborates the State's witnesses further in that they declined to make the examination.

The court charged the jury in regard to the presumption of innocence and reasonable doubt and the further phase of the law that they were the exclusive judges of the facts proved and the weight of the evidence and the credibility of the witnesses. Upon the general issue he instructed the jury if they should believe from the evidence beyond a reasonable doubt that the defendant Willie Schaper, on or about the 25th day of December, 1908, in Guadalupe County, Texas, did carry on or about his person a pistol they should find him guilty and assess an appropriate punishment. If they should find defendant not guilty they should say so in their verdict. Appellant asked in writing an instruction submitting the law of alibi which was refused. To this refusal exception was taken in the motion for new trial as well as in a bill of exceptions. We are of opinion this charge should have been given. This was the only theory of appellant's defense, except the evidence above detailed that he was not armed, had no pistol and his good faith in offering to be examined to demonstrate the fact that he was not armed. In the case of Jones v. State, 53 Texas Crim. Rep., 131, the question of charging upon alibi was discussed at length both in the original opinion and in the opinion on motion for rehearing. In the opinion on motion for rehearing quite a number of cases are overruled in regard to the necessity of charging upon alibi, and the further statement made as to what should be the rule and it was said we "re-affirm and re-declare the old rule which so long existed in this State that a case will not be reversed for the mere failure of the court to charge on the subject of alibi, unless a special charge submitting this issue is requested or an exception reserved at the time." Following this decision appellant complied with what is the rule there laid down in regard to this phase of the law. The court did not charge with reference to the matter; it was appellant's real defense as against the State's evidence combined with the further fact that he was not armed. Complying with this decision appellant asked a special charge and upon its being refused reserved his exception, both in the motion for new trial and in an approved bill of exceptions. We are of opinion therefore that there was error in refusing to give this instruction under the circumstances of the case and under the decision in the Jones case, supra.

Appellant's motion for a continuance makes a very strong equitable showing, the testimony being unquestionably of the most material character. The absent witnesses would have testified, as he states in his application which is supported in the motion for new trial by their affidavits, that they would have all testified that appellant was not

out of the house during the difficulty and therefore could not have been one of the parties who exhibited a pistol on the outside. One of the witnesses would have testified that before the difficulty between the parties in the house, he, the witness, wanted to borrow a pistol from appellant. Appellant stated to him that he did not have a pistol and the absent witness, thinking that he did not want to lend it to him, examined him and found that he did not have one on his person, but said to him that he had one in the buggy. This appellant denied and the party went to the buggy and examined for it but failed to find it. It may be further stated in this connection that the evidence shows that whoever exhibited the pistol did so in the dark. While the diligence was not sufficient, we are of opinion, under the circumstances of the case and in view of the refusal of the court to charge alibi, appellant being the principal witness for himself, in the case that there is such error in this record as precludes the idea that appellant got that character of fair trial guaranteed by the law. Therefore the judgment is reversed and the cause remanded.

*Reversed and remanded.*

RAMSEY, Judge.—I concur in the result. Under the circumstances the ends of justice would doubtless have been best secured by granting appellant's application for continuance. I doubt if the court was called, under the circumstances, to charge on alibi.