# MAY,1924

## REX BEARD v. THE STATE.

No. 7941. Decided May 7, 1924.

1.—Theft—Charge of Court—Principals.

Where the evidence raised the issue of principals, the court correctly submitted his charge thereon, and there is no error.

2.—Same—Charge of Court—Alibi—Circumstantial Evidence.

Where, upon trial of theft of the value of more than fifty dollars, the defense was an alibi, and the defendant requested a charge upon this phase of the law, which was refused, the judgment must be reversed and the cause remanded, although a correct charge on circumstantial evidence had been submitted.

Appeal from the District Court of Baylor. Tried below before the Honorable J. H. Milam.

Appeal from a conviction of felony theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Dixon & Newton,* and *Davenport, Cummings & Thornton,* for appellant.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Baylor County of theft of property of the value of more than fifty dollars, and his punishment fixed at two years in the penitentiary.

A Ford car was taken in Seymour, Baylor County, one night. It was a new car having been driven less than one hundred miles at the

time.    Officers in. Wichita Falls were watching the Seymour and
Wichita Falls road for the car at about 1 or 1:30 A. M. that same
night.    Two Ford cars came up from the direction of Seymour mov-
ing. thirty of thirty-five miles per hour.    One of the officers said
they waved for the cars to stop but they did not.    Directly after
passing, the cars separated.    Two officers pursued one, and a single
officer the other.    The latter was on a motor cycle and soon overtook
the car pursued by him in which he found appellant.    The car was not
the stolen car but in it upon search were found a blanket and a jack
which were later identified as being in the stolen car at the time it
was taken.    There were also found in this car a file or files freshly
used, having filings in the teeth of one of said files; also a set of dies
used for stamping or stenciling numbers upon engines.    The two
officers who pursued the other car followed it a short distance and
then its lights were put out and the car was abandoned.    It was the
stolen car.    Examination revealed the fact that the engine number had
been freshly filed off and other numbers stenciled thereon.    Bearing
in mind these facts, we observe that there is no merit in appellant's
contention that the learned trial judge erred in charging the jury
upon the law of principals.    Officers testified that in their judgment
the man driving the alleged stolen car on said night was Robert
Clare.    Appellant being found in close proximity to the stolen car,
coming on the same road, having in his car part of the stolen prop-
erty which was in the other car when taken, and having in his car
tools freshly used and capable of making the change in the num-
bers on the engine of the alleged stolen car which had been changed
that night, clearly justified the giving of a charge on principals.

The charge on circumstantial evidence presents fully the test of
exclusion and the other necessary elements of a proper charge and
we do not think it open to the exception reserved or that the special
charge refused more fully or correctly set out the law of such issue.

Appellant testified that he was in Wichita County on the night of
the alleged theft and was not in Baylor County, and supported his
claim by other witnesses who gave testimony to the same effect.    The
main charge did not submit the issue of alibi.    Appellant presented
the following special charge:

"Gentlemen of the Jury:    You are instructed that if you should
find and believe from the evidence that the defendant Rex Beard
was not present at the time of the original taking of the automobile
alleged to have been stolen, or if you have a reasonable doubt as to
whether he was present or not, you will give the defendant the
benefit of such doubt and acquit him."

The refusal of this charge was properly excepted to.    If there
be testimony raising the issue of alibi, it is error to refuse a correct
special charge containing the law of such issue when it is not set out or
submitted in the main charge.    Long v. State, 11 Texas Crim. App.,

387; Jones v. State, 30 Texas Crim. App., 345; Tittle v. State, 35 Texas Crim. Rep., .97; Joyce v. State, 41 Texas Crim. Rep., 49; Schaper v. State, 57 Texas Crim. Rep., 201. Deeming the evidence to raise the issue of alibi, and a proper special charge having been presented and refused, it becomes our duty to reverse and remand the case for the error of said refusal, and it is so ordered.

*Reversed and remanded.*